[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DE: THE PLAINTIFF'S MOTION TO COMPEL ANDFOR SANCTIONS (#151) THE DEFENDANT'S MOTION FOR CONTEMPT,NONSUIT, DEFAULT AND JUDGMENT OF DISMISSAL (#147) AND THEDEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS (#152 AND #153)
On June 26, 1992, the plaintiff filed in this court, pursuant to Connecticut General Statutes § 46b-71, a New York Judgment of Absolute Divorce which was entered in the New York Supreme Court, Westchester County, on May 15, 1981. That judgment provides
 "ADJUDGED AND DECREED that the terms and conditions of the Separation Agreement entered into by the plaintiff and defendant on 4th day of March, 1981 shall be incorporated by reference in this Decree, but the agreement itself shall survive the Decree and shall not CT Page 4028 merge . . .".
When a separation agreement is so incorporated but not merged with a divorce decree it continues to be a contract binding on the parties Merl v. Merl, 67 N.Y. 2.d 357 (1986).
After filing the judgment in this court the plaintiff then moved to modify child support. On July 5, 1994 this court (Ryan, J.) entered judgment in accordance with the stipulation of the parties (#127) dated October 13, 1993.
The stipulation provided, inter alia, that the defendant shall deposit $100.00 per month into an account for the benefit of the children's education. This court concludes that the judgment entered on July 5, 1994 fixed the defendant's obligation as to college education expenses. Under Borkowski v. Borkowski,228 Conn. 729, further inquiry into matters preceding said date is barred.
The plaintiff may still have an independent contract action founded on the separation agreement, Kurtz v. Kurtz, 396 N.Y.S. 2 .d 952 (1977). However, that is not now before this court. The plaintiff now argues that she is not attempting to modify the college expenses language. If this be true, there no longer is any underlying dispute available for determination by this court. To assert that the plaintiff is seeking information to determine to what ". . . extent he [the defendant] is financially capable . . .", to quote from plaintiff's memorandum, while asserting that the plaintiff seeks no modification, serves no useful purpose.
For the foregoing reasons, the defendant's motion (#147) which, inter alia, seeks dismissal is granted. The remaining motions are now rendered moot.
HARRIGAN, JUDGE